United States District Court<br>For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| In re RICKARD D. ANDERSON, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. C 05-0072 SBA (pr)<br>No. C 05-0360 SBA (pr)<br>No. C 05-0361 SBA (pr)<br>No. C 05-0362 SBA (pr)<br>No. C 05-0364 SBA (pr)<br>No. C 05-0370 SBA (pr)<br>No. C 05-0371 SBA (pr)<br>No. C 05-0445 SBA (pr)<br>No. C 05-0446 SBA (pr)<br>No. C 05-0468 SBA (pr)<br>No. C 05-0497 SBA (pr)<br>No. C 05-0498 SBA (pr)<br>No. C 05-0499 SBA (pr)<br>No. C 05-0512 SBA (pr)<br>No. C 05-0513 SBA (pr)<br>No. C 05-0639 SBA (pr)<br>No. C 05-0640 SBA (pr)<br>No. C 05-0641 SBA (pr)<br>No. C 05-0642 SBA (pr)<br>No. C 05-0701 SBA (pr)<br>No. C 05-0707 SBA (pr)<br>No. C 05-0776 SBA (pr)<br>No. C 05-0846 SBA (pr)<br>No. C 05-0849 SBA (pr)<br>No. C 05-0850 SBA (pr)<br>No. C 05-0907 SBA (pr)<br>No. C 05-1008 SBA (pr)<br>No. C 05-1062 SBA (pr)<br><br>**ORDER OF<br>DISMISSAL** | No. C 05-1082 SBA (pr)<br>No. C 05-1083 SBA (pr)<br>No. C 05-1084 SBA (pr)<br>No. C 05-1085 SBA (pr)<br>No. C 05-1086 SBA (pr)<br>No. C 05-1095 SBA (pr)<br>No. C 05-1154 SBA (pr)<br>No. C 05-1155 SBA (pr)<br>No. C 05-1156 SBA (pr)<br>No. C 05-1302 SBA (pr)<br>No. C 05-1303 SBA (pr)<br>No. C 05-1304 SBA (pr)<br>No. C 05-1305 SBA (pr)<br>No. C 05-1306 SBA (pr)<br>No. C 05-1307 SBA (pr)<br>No. C 05-1308 SBA (pr)<br>No. C 05-1309 SBA (pr)<br>No. C 05-1310 SBA (pr)<br>No. C 05-1311 SBA (pr)<br>No. C 05-1312 SBA (pr)<br>No. C 05-1378 SBA (pr)<br>No. C 05-1379 SBA (pr)<br>No. C 05-1425 SBA (pr)<br>No. C 05-1426 SBA (pr)<br>No. C 05-1490 SBA (pr)<br>No. C 05-1491 SBA (pr)<br>No. C 05-1492 SBA (pr)<br>No. C 05-1493 SBA (pr) |

Plaintiff Rickard D. Anderson, a state prisoner and frequent litigant in federal court, filed the above-referenced "complaints" filled with nonsensical phrases with no clear relationship to each other. Section 1915A requires a federal court to engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer, or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The section applies even if the prisoner has not been granted leave to proceed in forma pauperis. See Rowe v. Shake, 196 F.3d 778, 781 (7th Cir. 1999) (joining Second, Fifth, Sixth and Tenth Circuits in holding that § 1915A applies even when prisoner pays full fee at outset). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous,

malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).

Nowhere does Plaintiff assert identifiable causes of action or make coherent factual allegations that could give rise to a valid cause of action.  In addition, Plaintiff has filed well over one hundred complaints in this Court since 2003, all of which have been unintelligible.  The Court finds that Plaintiff's complaints are numerous and frivolous.  It is difficult to ascertain from Plaintiff's complaints who he is seeking relief from or what relief he is seeking.  These filings serve no reasonable litigation purpose, and they impose an unreasonable burden on the Court and its staff.  Furthermore, based on Plaintiff's past history of failing to respond to this Court's orders to amend unintelligible complaints, the Court finds that granting Plaintiff leave to amend would be futile.

Accordingly, Plaintiff's incomprehensible complaints are DISMISSED as frivolous because they are without an arguable basis in law.  See Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989) (a complaint that is totally incomprehensible is subject to dismissal as frivolous for lacking an arguable basis in law).  All pending motions are TERMINATED.  No filing fee is due.  The Clerk of the Court shall close the files.

IT IS SO ORDERED.

DATED: April 25, 2005

                                      s/Saundra Brown Armstrong
                                      SAUNDRA BROWN ARMSTRONG
                                      United States District Judge